IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

YOLANDA LOWE                                                                                              PLAINTIFF

V.                                                                                                  No. 1:10CV24-A-D

AMERICAN EUROCOPTER, LLC.                                                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss [8]. After reviewing the motion, rules, and authorities, the Court finds as follows:

## I. BACKGROUND

Plaintiff, who is an allegedly disabled forty-eight year old African American female, was employed as a receptionist from July 17, 2007, until May 22, 2009, when she was terminated. Plaintiff claims that she was replaced by a younger non-disabled Caucasian female, and that she was terminated, harassed, and forced to perform more work due to her disability. On February 4, 2010, the Plaintiff – who is proceeding pro se – filed this Complaint alleging race and gender discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and disability discrimination and disability-based hostile work environment under the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101 *et seq.* On March 3, 2010, Defendant filed a Motion to Dismiss, claiming that Plaintiff failed to exhaust her administrative remedies, and that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

1

A. Rule 12(b)(1)[1]

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). Given the burden of proof on the party asserting jurisdiction, the plaintiff must submit evidence to prove, by a preponderance of the evidence, that the court does have jurisdiction based on the complaints and evidence. Id.

---

[1] In Defendant's Motion to Dismiss, there is no specific discussion of Federal Rule of Civil Procedure 12(b)(1). Instead Defendant focuses solely on Rule 12(b)(6). There is "some dispute" as to "whether exhaustion [of administrative remedies] implicates subject matter jurisdiction, or whether it is a prerequisite subject to equitable doctrines." Miller v. Potter, 359 F. App'x 535, 537 n.1 (5th Cir. 2010). In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Despite the apparent clarification from Zipes, the proper procedural mechanism for dismissing a Title VII claim for failure to exhaust administrative remedies remains unclear in the Fifth Circuit. Compare Tolbert v. United States, 916 F.2d 245, 247 (5th Cir. 1990) (holding that a plaintiff's failure to exhaust his administrative remedies "wholly deprives the district court of jurisdiction over the case") with Young v. City of Houston, Tex., 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."). Due to such uncertainty, the Court discusses both Rule 12(b)(1) and Rule 12(b)(6).

B. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Twombly abrogated the Supreme Court's prior statement in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 550 U.S. at 562-63, 127 S. Ct. 1955.  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Elsensohn v. St. Tammany Parish Sheriff's Office, 530 F.3d 368, 372 (5th Cir. 2008).

In Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court elaborated on the pleading standards discussed in Twombly. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955). With respect to the "plausibility" standard described in Twombly, Iqbal explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). The Iqbal Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

3

unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). The Court concluded that "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." Id.

The Supreme Court's examination of the issue in Iqbal provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. However, courts are to hold pro se litigants to less stringent pleading standards than other parties. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (holding that pro se pleadings are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

### III. ANALYSIS AND DISCUSSION

A. Failure to Exhaust Administrative Remedies

Defendant claims that Plaintiff failed to exhaust her administrative remedies as to all of her claims but racial discrimination. Employment discrimination plaintiffs must exhaust their administrative remedies before pursuing claims in federal court. Taylor v. Books a Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion under Title VII requires filing a timely charge of discrimination with the EEOC and receipt of a "right-to-sue" letter. 42 U.S.C. § 2000e-5 (e) and (f); see also Taylor, 296 F.3d at 379. The exhaustion requirements of Title VII also apply to the claims raised under the ADA and the Rehabilitation Act. 42 U.S.C. § 121117(a) (ADA

incorporating by reference the procedures applicable to actions under Title VII); 29 U.S.C. § 794(d) (standards of ADA apply to Rehabilitation Act); Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996) (ADA claim must comply with Title VII's administrative prerequisites prior to commencing an action in federal court); Prewitt v. U.S. Postal Serv., 662 F.2d 292, 304 (5th Cir. 1981) (Rehabilitation Act subjects plaintiffs to same administrative constraints as Title VII). For suits filed under the ADEA, exhaustion only requires a plaintiff to wait 60 days after filing a timely charge of discrimination with the EEOC; a right-to-sue letter is not a precondition to suit. 29 U.S.C. § 626(d); Julian v. City of Houston, Tex., 314 F.3d 721, 725 (5th Cir. 2002). Exhaustion "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." Hayes v. MBNA Tech., Inc., 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974), and Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)).

In this case, Plaintiff filed multiple EEOC charges.[2] Plaintiff apparently filed her first EEOC charge in July 2009, but this charge was mediated, settled, and thus withdrawn. Subsequently, Plaintiff revoked the settlement agreement and filed a second charge with the EEOC in October 2009. According to Defendant, this second charge "mirrored the contents of Plaintiff's initial charge." On this second charge, Plaintiff only checked the box marked "discrimination based on" "race." The EEOC dismissed Plaintiff's second charge without an investigation and issued Plaintiff a right-to-sue letter on November 4, 2009. Plaintiff later

---

[2] The parties have only provided the Court with one EEOC charge. As such, the Court attempts to discern exactly what occurred in this case through the briefs, other exhibits, and complaint alone.

attempted to file a third EEOC charge, this time checking the boxes marked race, disability, and age. However, Plaintiff failed to sign or date this charge; thus, it was rejected by the EEOC and sent back to her. Apparently, Plaintiff made the appropriate corrections and sent her third discrimination charge back to the EEOC, after she filed suit in this Court.

The only EEOC charge that was timely and appropriately filed here is Plaintiff's second EEOC charge, filed in October 2009. Plaintiff's first charge was withdrawn and her initial attempt at a third charge was rejected by the EEOC. Likewise, her second attempt at a third charge was filed *after* the commencement of this lawsuit. See Taylor, 296 F.3d at 379 (plaintiffs must exhaust their administrative remedies *before* pursuing claims in federal court). Further, the "relation-back" doctrine governing EEOC charges is not applicable here. The EEOC regulations provide that "[a] charge may be amended to cure technical defects or omissions . . . or to clarify and amplify allegations made therein. Such amendments . . . related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b). However, courts interpreting this regulation have held that an EEOC charge cannot be amended once the EEOC issues a notice of right-to-sue, terminates its processing of plaintiff's charge, and suit has been filed. See Hazeur v. Fed. Warranty Serv. Corp., 2000 WL 365013, at *1-*2 (E.D. La. Apr. 7, 2000) ("Where, as here, the EEOC issued previously a Right to Sue Notice, a suit was initiated, and the EEOC terminated its processing of plaintiff's charge, there is no longer a viable charge pending before the EEOC that is capable of amendment.") (citing Balazs v. Liebenthal, 32 F.3d 151, 157 (4th Cir. 1994)); see also Kelly v. Capital One Auto Finance, 2008 WL 2653202, at *4 - *5 (N.D. Tex. July 7, 2008). In the present case, Plaintiff's apparent attempt to amend her October 2009 charge – by filing a third EEOC charge – occurred after she received a right-to-sue letter and initiated suit in this Court. Thus, the

Court focuses its attention on Plaintiff's second EEOC charge in determining whether Plaintiff exhausted her administrative remedies.

It appears undisputed that, on Plaintiff's second EEOC charge, she failed to check the boxes marked "gender," "age," and "disability" in the "discrimination based on" section. While the parties do not provide any additional information regarding the factual allegations in this October 2009 charge in order to assist the Court in determining the scope of the lawsuit, see <u>Fine v. GAF Chemical Corp</u>., 995 F.2d 576, 578 (5th Cir. 1993) (scope of lawsuit is limited to the allegations made in the EEOC charge and any claims that could reasonably be expected to grow out of it), the Plaintiff's third EEOC charge and Defendant's motion to dismiss provide some insight. In footnote four of Defendant's memorandum in support of its motion, Defendant states that "Plaintiff's 'recent' [i.e., third] EEOC Charge was the same as her original EEOC Charge, with the exception of the boxes marked by Plaintiff." Plaintiff's third EEOC charge – the one provided to the Court – states as follows:

> I was hired July 16, 2007, as an HR Assistant/Receptionist. During my employment, I was harassed by Earl Walker ([Caucasian]) HR Supervisor which created an intimidating and hostile work environment and subsequently led to my suspension and finally discharged on May 22, 2009.
>
> No reason was given for the adverse treatment I received. My performance was the reason for my discharge.
>
> I believe that I have been discriminated against because of my race ([African American]), Age (47), and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act and the Americans with Disability Act since:
>
> Non-disabled younger [Caucasians] (Jodie Whittington, Age 34 and Nicole Burris, Age 24) were not subjected to similar harassment, intimidation, and hostile work environment from Earl Walker as I was subjected to. They violated company policies and were never disciplined nor discharged for their offenses.

If the contents of Plaintiff's EEOC charges were all identical, with the exception of the boxes marked, – as Defendant concedes – it logically follows that Plaintiff's second EEOC charge also contained the above factual allegations. The Fifth Circuit has stated that "the crucial element of a charge of discrimination is the factual statement contained therein." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970).

Courts are to "construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading." Price v. Sw. Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982); see also Preston v. Tex. Dep't of Family and Protective Servs., 222 F. App'x 353, 356 (5th Cir. 2007). To determine whether an allegation in a complaint falls within the scope of a charge filed with the EEOC, a court must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006). The Fifth Circuit has stated that courts "must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated." Sanchez, 431 F.2d at 463 (citation omitted); see also Fed. Exp. Corp. v. Holowecki, 552 U.S. 389, 400-03, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008) (discussing the "permissive standard" of what constitutes a charge under the ADEA and noting that "[t]he system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency process"); Edelman v. Lynchburg College, 535 U.S. 106, 112-113, 122 S. Ct. 1145, 152 L. Ed. 2d 188 (2002) (rejecting the argument that a charge is not a charge until the filer satisfies Title VII's oath or affirmation requirement).

Here, even though Plaintiff only checked the box marked "discrimination based on" "race," the substance of the allegations in her factual statement could reasonably result in an investigation for age discrimination, disability discrimination, and disability-based hostile work environment. See Fine, 995 F.2d at 578 (holding that a plaintiff may assert a Title VII cause of action based on a type of discrimination not explicitly listed on the charge if that discrimination is "like or related to the charge's *allegations* . . . .") (emphasis added); Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004) ("the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge."); Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 168 (7th Cir. 1976) (en banc) (even though charging party only checked box marked "race," the factual allegations in the charge also fairly raised questions of sex discrimination); Epps v. Phoenix Elem. Sch. Dist., 2009 WL 996308, at *3 (D. Ariz. Apr. 14, 2009) ("The mere absence of a checked box on [plaintiff's] EEOC charge [ ] is not necessarily dispositive of the issue."). Plaintiff's gender discrimination claim, however, falls on different footing. Plaintiff neither checked the box for discrimination based on gender nor did she include any details in her factual statement that would allow a gender discrimination suit to reasonably grow out of her EEOC charge. See Kebiro v. Walmart, 193 F. App'x 365, 368 (5th Cir. 2006) (finding that an employee's race and gender discrimination claims did not grow out of his EEOC filings, which only mentioned age, national origin, and prior filings with the EEOC). Plaintiff only alleges that she was discriminated against based on "race, [a]ge, and disability." As such, Plaintiff has failed to exhaust her administrative remedies with regard to her gender discrimination suit, and it shall be dismissed.[3] But, Plaintiff's

---

[3] Even if Plaintiff had exhausted her administrative remedies with regards to her gender discrimination claim, that claim would still fail under Rule 12(b)(6) for failure to state a claim, as

9

claims for racial discrimination, age discrimination, disability discrimination, and disability-based harassment remain alive.

B. <u>Failure to State a Claim under Rule 12(b)(6)</u>[4]

*1. Racial Discrimination*

Even taking Plaintiff's allegations as true, her Complaint is not couched with sufficient factual allegations to withstand a motion to dismiss under Title VII. Plaintiff asserts that the reasons for her termination were "due to being disabled and parking in a handicap slot." Further, all of Plaintiff's factual allegations surround her disability – not her race. To state a claim upon which relief may be granted, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." <u>See</u> <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955. In effect, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> (internal citation omitted); <u>see also</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50. While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." <u>Taylor</u>, 296 F.3d at 378 (quotation omitted). Plaintiff's blanket allegation that she was racially discriminated against, when her Complaint is only supported with facts regarding her disability, does not suffice. <u>See</u> <u>Roque v. Jazz Casino Co., LLC</u>, 2010 WL 2930876, at *3 (5th

---

Plaintiff did not provide any factual allegations regarding gender discrimination, and she repeatedly avers that the reason for her termination was due to her disability.

[4] The Court notes that while Plaintiff failed to timely and appropriately file a memorandum in response to Defendant's Motion, instead responding only with exhibits, <u>see</u> L.U.Civ. R. 7, this failure is immaterial to the Court's Rule 12(b)(6) determinations. Further, Plaintiff is proceeding pro se and thus will be granted some latitude.

Cir. July 22, 2010) ("A mere conclusory assertion that [the defendant's employee's] words violated Title VII does not satisfy the requirements of FED. R. CIV. P. 8"). Therefore, Plaintiff's racial discrimination suit is dismissed.

## 2. *Age Discrimination*

Plaintiff also claims that she was discriminated against based on her age. Under the ADEA, it is unlawful for an employer to discharge a person because of that person's age. 29 U.S.C. § 623(a)(1). When a plaintiff alleges disparate treatment under the ADEA, liability depends on whether age was the "but-for" cause of the employer's adverse action. See Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 377 (5th Cir. 2010) (citing Gross v. FBL Fin. Servs., Inc., --- U.S. ----, ----, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009)).[5]

In order to withstand a motion to dismiss, a plaintiff must allege facts that would plausibly suggest that his or her employer decided to take the adverse action because of the plaintiff's age. Here, while Plaintiff falls into the protected class, as she is forty-eight years old, see 29 U.S.C. § 633a(a) (limiting the prohibitions of the ADEA to individuals who are at least

---

[5] There is disagreement among lower courts as to whether or not the "but-for" standard for discrimination under the ADEA applies at the pleading stage when a plaintiff has plead alternative theories of liability. Compare Culver v. Birmingham Bd. of Educ., 646 F. Supp. 2d 1270, 1271 (N.D. Ala. 2009) (the "only logical inference to be drawn from Gross is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was any other proscribed motive [in this case racial discrimination] involved") with Belcher v. Serv. Corp. Int'l, No. 2:07-CV-285, 2009 U.S. Dist. LEXIS 102611, at *8 (E.D. Tenn. Nov. 4, 2009) ("While Gross arguably makes it impossible for a plaintiff to ultimately recover on an age and a gender discrimination claim in the same case, the undersigned does not read Gross as taking away a litigant's right to plead alternate theories under the Federal Rules."); Chacko v. Worldwide Flight Servs., 2010 U.S. Dist. LEXIS 9103, at * 12, 2010 WL 424025 (E.D.N.Y. Feb. 3, 2010) (holding that an ADEA plaintiff is not required to plead that age was the "but for" reason for the disputed employment decision); Griffin v. United Parcel Service, Inc., 2010 WL 126229, at *2 (E.D. La. Jan. 8, 2010) (holding that plaintiffs may plead in the alternative without circumventing Gross's but-for standard).
    Here, the Court does not decide which line of cases is more persuasive as the Court finds that Plaintiff has failed to state a claim under Rule 12(b)(6) for age discrimination, even if Gross does not preclude a litigant from pleading alternative theories of discrimination.

11

forty years of age), her Complaint, even liberally construed, fails to state a claim upon which relief may be granted. Plaintiff, in her first paragraph, asserts that her termination was based on: "[d]isability, [r]ace, and [g]ender." She further alleges that the reasons for her termination were because of her "being disabled and parking in a handicap slot." Plaintiff fails to offer a single fact that would illustrate she is "plausibly" entitled to relief pursuant to the ADEA. A plaintiff's Complaint must present more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1940. This requirement holds true even for pro se litigants. Thrasher v. Amarillo Police Dep't, 346 F. App'x 991, 992 (5th Cir. 2009). Accordingly, this claim is dismissed.

*3. Disability Discrimination and Hostile Work Environment*

(a) Disability Discrimination

Plaintiff claims that her termination was a result of her disability in violation of the ADA. Under the ADA, as amended, a disability is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Plaintiff claims that she is disabled due to her weight.[6] In response, Defendant contends that obesity is not a disabling impairment under the ADA. Despite Defendant's blanket contention, the Court is unable to say that obesity can never be a disability under the ADA,

---

[6] Plaintiff also claims that she has a "disability with [her] leg," yet she never elaborates on exactly what type of disability. Additionally, almost all of her factual and legal allegations surround her alleged disability regarding her weight.

especially given that on September 25, 2008, the ADA was amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). See Americans with Disabilities Act Amendments Act of 2008, Pub.L. No. 110-325, 112 Stat. 3553, 110th Cong., 2d Sess. (Sept. 25, 2008) (effective Jan. 1, 2009).

Prior to the ADAAA, the Interpretive Guidance created by the EEOC on Title I of the ADA provided that except in "rare circumstances," obesity is not considered a disabling impairment. See Melson v. Chetofield, 2009 WL 537457, at *3 (E.D. La. Mar. 4, 2009). Furthermore, many courts presented with the issue of obesity as a disability have held that such an impairment is not recognized under the ADA. See, e.g., Merker v. Miami-Dade County Fla., 485 F. Supp. 2d 1349, 1353 (S.D. Fla. 2007) (citing EEOC v. Watkins Motor Lines, Inc., 463 F.3d 436, 440-443 (6th Cir. 2007) ("we hold that to constitute an ADA impairment, a person's obesity, even morbid obesity, must be the result of a physiological condition.")); Francis v. City of Meriden, 129 F.3d 281, 286 (2d Cir. 1997) ("obesity, except in special cases where the obesity relates to a physiological disorder, is not 'physical impairment' within the meaning of the [ADA] statutes."); Marsh v. Sunoco, Inc. 2006 WL 3589053, at *4 (E.D. Pa. Dec. 6, 2006) (same); Coleman v. Georgia Power Co., 81 F. Supp. 2d 1365, 1369 (N.D. Ga. 2000) (same); Fredregill v. Nationwide Agribusiness Ins. Co., 992 F. Supp. 1082, 1088-89 (S.D. Iowa 1997) (collecting cases)). However, these cases were all before the ADAAA took effect. This is especially important due to the expansion of what "substantially limits" and "major life activities" mean under the ADAAA. The ADAAA appears to have legislatively pre-empted the Supreme Court's past definitions of "substantially limits," stating that the Court's standard was "too high," and that "substantially limits" should be more broadly interpreted. 122 Stat. 3552, sec. 2, § a(8); 42 U.S.C.A. § 12101. The ADAAA details a nonexhaustive list of what constitutes a major life

activity, stating that in general such activities are, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C.A. § 12102(2)(A). Further, under the ADAAA, bodily function limitations are now considered a major life activity. 42 U.S.C.A. § 12102(2)(B). Here, Plaintiff asserts that her weight affects the major life activity of walking.[7]

Also affected by the ADAAA is the "regarded as having" a disability prong of the ADA. In this case, Plaintiff states that her "[e]mployer was informed of this situation [referring to her obesity and her inability to walk from the regular parking lot]." The Court reads this as Plaintiff's attempt to show that her employer regarded her as having such a disability. Under the ADAAA, an individual is now not required to demonstrate that the disability she is regarded as having is an actual qualified disability under the ADA or that it substantially limits a major life activity. See 42 U.S.C.A. §§ 12101(1)(C), (3). The ADAAA requires a plaintiff to only show "that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." Id. Thus, a plaintiff now might be considered disabled due to obesity under the ADA if her employer *perceived* her weight as an impairment.

Based on the substantial expansion of the ADA by the ADAAA, Defendant's assertion that Plaintiff's weight cannot be considered a disability is misplaced. See Melson v. Chetofield, 2009 WL 537457, at *3 (E.D. La. Mar. 4, 2009) (finding that plaintiff pled sufficient facts

---

[7] Plaintiff asserts that her disabilities caused her to be "unable to park and walk from the regular parking lot."

showing that her obesity was a disabling impairment to overcome a motion to dismiss);[8] but see Frank v. Lawrence Union Free Sch. Dist., 688 F. Supp. 2d 160, 169 (E.D.N.Y. 2010) (citing case law prior to the ADAAA and holding that obesity is not a disability under the ADA). Whether or not Plaintiff can in fact *prove* that her weight rises to the level of a disability under the ADA is not at issue here, as a motion to dismiss is not the proper method for evaluating the merits of Plaintiff's specific assertions. Swierkiewicz, 534 U.S. at 514, 122 S. Ct. 992 ("claims lacking merit may be dealt with through summary judgment under Rule 56."). As such, Plaintiff has pled enough facts, taken as true, to allege she qualifies as "disabled" within the meaning of the ADA.

Upon finding that Plaintiff has plausibly alleged that she is disabled, Plaintiff must also show that "[s]he is 'qualified' for the job . . . and [that] an adverse employment decision was made [ ] because of [her] disability" in order to establish an ADA discrimination claim. Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1997). Here, Plaintiff sufficiently pleads that she was qualified for her job,[9] that her employer knew of her impairment, that she was terminated due to this impairment, and that she was not reasonably accommodated. An employment discrimination plaintiff need not plead a prima facie case of discrimination in order to withstand a motion to dismiss. See Swierkiewicz, 534 U.S. at 508, 122 S. Ct. 992. The Supreme Court in Twombly explicitly reaffirmed its holding in Swierkiewicz when it noted that the court does "not require heightened fact pleading of specifics, but only enough facts to state a

---

[8] It is noteworthy that in September 2010, the EEOC filed suit in the Eastern District of Louisiana against Resources for Human Development on behalf of plaintiff Lisa Harrison, claiming that Harrison was fired due to her obesity. The EEOC is asserting that obesity is now a "physical impairment within the meaning of the ADA," that Harrison, like the Plaintiff in this case, was substantially limited in her major life activity of "walking," and that Harrison's employer regarded her as having such an impairment. See EEOC v. Resources for Human Development, No. 2:10-cv-03322 (E.D. La. filed Sept. 30, 2010).

[9] Plaintiff asserts that "[a]t no time was my performance became an issue," which the Court construes as Plaintiff's attempt to state that she could perform the essential duties of her job.

claim to relief that is plausible on its face." Twombly, 550 U.S. at 569-70, 127 S. Ct. 1955. Accordingly, Plaintiff's claim is plausible on its face, and Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's disability discrimination claim is denied.

(b) Disability-Based Hostile Work Environment

The Fifth Circuit has interpreted the ADA to prohibit disability-based workplace harassment. Flowers v. So. Reg. Phys. Serv., Inc., 247 F.3d 229 (5th Cir. 2001) ("It is evident, after a review of the ADA's language, purpose, and remedial framework, that Congress' intent in enacting the ADA was, inter alia, to eradicate disability-based harassment in the workplace."). To recover, Plaintiff must show that disability-based harassment affected a term, condition, or privilege of her employment. Id. at 235-36. This is a hard standard to meet. See Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 509 (5th Cir. 2003) (describing standard as "high"). The harassment must be offensive not only to Plaintiff, but also to a reasonable person, considering all of the circumstances. E.E.O.C. v. WC & M Enter., Inc., 496 F.3d 393, 399 (5th Cir. 2007) (citing Harris v. Forklift Sys., 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)). Several factors are important in this analysis. The Court weighs the frequency and severity of any discriminatory conduct, and whether the conduct is physically threatening or verbally humiliating (as opposed to just offensive). Id. The Court also examines whether Defendant's conduct interfered with Plaintiff's work performance. Id.

Plaintiff is basing this hostile work environment claim on acts preceding her termination; thus, the Court must analyze whether such acts are severe *or* pervasive enough to constitute hostile work environment. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998) ("When a plaintiff proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands, he or she establishes that the

employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII. For any sexual harassment *preceding the employment decision* to be actionable, however, the conduct must be severe or pervasive.") (emphasis added). A plaintiff can state a hostile work environment claim in two ways: (1) by showing that a single, egregious incident altered the terms and conditions of her employment, see Harvill v. Westward Communications, LLC, 433 F.3d 428, 434-35 (5th Cir. 2005); or by showing several harassing incidents that are not severe, but are still pervasive enough to create a hostile work environment, see Lauderdale v. Texas Deptartment of Criminal Justice, 512 F.3d 157, 163 (5th Cir. 2007) (when harassment is frequent, less severe incidents can become actionable in the aggregate).

In this case, Plaintiff claims she was harassed by her employer for parking in a handicap parking spot. She further claims that she was "treated differently" and forced to perform "more and additional work" than other employees due to her obesity. While these allegations do not specifically declare the severity of the harassment or the frequency of such alleged unlawful acts, Plaintiff's Complaint, taken as true, does state enough factual allegations to overcome a Rule 12(b)(6) motion. Notice pleading is still the standard for complaints, and Rule 8 does not require a plaintiff to plead "specific facts" explaining precisely how the defendant's conduct was unlawful. Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam).[10] Rather, it is sufficient for a plaintiff to plead facts plausibly showing unlawful behavior, so long as the facts pled "'give the defendant fair notice of what the claim is and the

---

[10] In Erickson, decided a mere few weeks after Twombly, the Court held that a prisoner's pro se complaint stating that the doctor's decision to withhold his prescribed Hepatitis C medication was "endangering his life" and causing "continued damage to [his] liver," was a sufficient allegation of substantial harm to survive a motion to dismiss. 551 U.S. at 91, 94, 127 S. Ct. 2197. The Court rejected the heightened pleading standard used by the court of appeals as "departing in [a] stark . . . manner from the pleading standard mandated by the Federal Rules of Civil Procedure." Id. at 90, 127 S. Ct. 2197.

grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Therefore, Defendant's motion to dismiss Plaintiff's disability-based hostile work environment claim is denied.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted in part and denied in part. Defendant's Motion is granted with respect to Plaintiff's gender discrimination claim for failure to exhaust administrative remedies. Defendant's Motion is further granted as to Plaintiff's racial discrimination and age discrimination claims for failure to state a claim upon which relief can be granted. Defendant's Motion is denied as to Plaintiff's disability discrimination and disability-based hostile work environment claims.

So ordered on this, the __16th__ day of December, 2010.

**/s/   Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**