IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**YOLANDA LOWE**                                                                                                              **PLAINTIFF**

**V.**                                                                                                                               **No. 1:10CV24-A-D**

**AMERICAN EUROCOPTER, LLC.**                                                                                     **DEFENDANT**

### MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment [21]. After reviewing the motion, rules, and authorities, the Court finds as follows:

### BACKGROUND

On February 4, 2010, the Plaintiff, Yolanda Lowe, filed suit against the Defendant alleging race and gender discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and disability discrimination and disability-based hostile work environment under the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101 *et seq.* On March 3, 2010, Defendant filed a Motion to Dismiss [8], claiming that Plaintiff failed to exhaust her administrative remedies and that Plaintiff's Complaint failed to state a claim upon which relief could be granted.

On December 16, 2010, the Court entered an Order [17] dismissing Plaintiff's claims of gender, race, and age discrimination, but allowing Plaintiff's claims of disability discrimination and disability-based hostile work environment to remain. Apparently, on September 29, 2010, which was after Plaintiff filed her discrimination claims in this Court, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy

Court for the Northern District of Mississippi.[1] During this bankruptcy proceeding, Plaintiff failed to disclose the instant lawsuit to the bankruptcy court and her creditors. On the schedule of assets and liabilities and statement of financial affairs filed with the bankruptcy court, Plaintiff declared under penalty of perjury that she had no contingent or unliquidated claims of any nature. On December 13, 2010, the bankruptcy court entered an order confirming Plaintiff's Chapter 13 plan. Thereafter, the Defendant filed the instant motion for summary judgment, alleging that Plaintiff should be judicially estopped from asserting her claims against it because she did not disclose her claims in the bankruptcy proceeding.

## SUMMARY JUDGMENT

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). In reviewing the evidence, factual

---

[1] Defendant asserts that it did not become aware of Plaintiff's bankruptcy case until January 14, 2011, when Defendant's counsel performed a search on Plaintiff under the bankruptcy docket.

2

controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

## JUDICIAL ESTOPPEL

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004) (citing Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988)). "'The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" Id. (quoting In re Coastal Plains, 179 F.3d 197, 205 (5th Cir. 1999)). "[B]ecause judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required." Id.

The Fifth Circuit has not hesitated to apply judicial estoppel to foreclose a party from pursuing a cause of action where the party, a debtor in bankruptcy, has concealed his claim from the bankruptcy court, and in fact, has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Kamont v. West, 83 F. App'x 1, 3 (5th Cir.

3

2003). According to the Fifth Circuit, "[a] court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). Each of these elements is satisfied here.

A. Element One: Inconsistent Positions

By representing to the bankruptcy court that she had no assets other than those listed in her bankruptcy schedules and then pursuing this cause of action, the Plaintiff has unquestionably taken inconsistent positions and, by failing to even respond to Defendant's motion, Plaintiff does not appear to contend otherwise. In Superior Crewboats, the Fifth Circuit concluded that the debtors' commencement and pursuit of a personal injury lawsuit subsequent to the initiation of their bankruptcy proceeding, was "clearly inconsistent" with their bankruptcy case, in which they failed to disclose their cause of action. Emphasizing the continuing nature of a debtor's duty of disclosure, the court stated,

> It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*" Coastal Plains, 179 F.3d at 207-08 (emphasis in original). The duty to disclose is continuous. Id. Thus, under Coastal Plains, the Hudspeaths' omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. Id. at 210. Now, however, the Hudspeaths contend, before the state court and in the limitation proceeding, that the personal injury claim is viable and worth $2.5 million. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry.

Superior Crewboats, 374 F.3d at 335; see also Jethroe, 412 F.3d at 600 (reiterating that "[t]he obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one"); Kamont, 83 F. App'x at 3 (filing of EEOC charge while bankruptcy case was pending "trigger[ed] a duty to amend her bankruptcy petition," and by failing to do so, plaintiff was

estopped from pursuing discrimination claim). Further, "[a]ny claim with potential must be disclosed, even if it is contingent, dependent, or conditional." Coastal Plains, 179 F.3d at 208. As such, the first prong of the judicial estoppel test is satisfied.

B. Element Two: Court Acceptance of Previous Position

Plaintiff's plan of confirmation in the bankruptcy court was initially approved, and was not thereafter amended, based on the bankruptcy court's impression, as drawn from Plaintiff's bankruptcy schedules, that Plaintiff had no contingent or unliquidated claims of any nature. In Jethroe, the Fifth Circuit found that the second prong of the judicial estoppel inquiry was satisfied because the bankruptcy court "certainly confirmed [the debtor's] plan at least in part based on its assessment of her assets and liabilities." 412 F.3d at 600. Further, for judicial estoppel to apply, adoption or acceptance of a party's position "does not require a formal judgment; rather, it only requires 'that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.'" Superior Crewboats, 374 F.3d at 335 (quoting Coastal Plains, 179 F.3d at 206). Because the Plaintiff failed to disclose her potential claims against the Defendant and the bankruptcy court relied on such nondisclosure, the second element is satisfied.

C. Element Three: Inadvertence

In regards to the third prong of the judicial estoppel test, the Fifth Circuit has held that "based on the importance of full disclosure in bankruptcy, in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Coastal Plains, 179 F.3d at 210. In this case, there is no basis for concluding that Plaintiff's failure to disclose this litigation to the bankruptcy court was

"inadvertent." First, Plaintiff did not respond to Defendant's motion; thus, Plaintiff makes no attempt to explain or excuse her blatant omission in this regard. Second, even if Plaintiff attempted to show that she did not fully understand the duty to disclose all legal claims, such an argument would not suffice. In order for a debtor to lack knowledge of an undisclosed claim, the debtor must have been unaware *of the facts giving rise to her claim* when she represented that she had no potential claim to the bankruptcy court. See Jethroe, 412 F.3d at 600. Merely demonstrating an unawareness *of the legal duty to disclose* is not enough. Id. Plaintiff was clearly aware that she had claims against the Defendant when the lawsuit was omitted from the bankruptcy filings, as she not only filed the Complaint herself as a pro se litigant, but she also actively filed other documents and motions in this Court, including a Motion to Proceed In Forma Pauperis [2] and a Response [15] to Defendant's Motion to Dismiss [8].

Additionally, the Plaintiff here had motive to conceal this litigation. If she ultimately recovered on her claims, she would not be required to give any potential monetary award to her creditors. As the Fifth Circuit noted in Superior Crewboats,

> The [plaintiffs] had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors. Such a result would permit debtors to "[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights."

374 F.3d at 336 (internal citations omitted); see also Cargo v. Kan. City S. Ry. Co., 408 B.R. 631, 639 (W.D. La. 2009) ("Indeed, a motive to conceal claims subsists in all bankruptcy cases in which a concealed legal claim would, if disclosed, form part of the bankruptcy estate and the

debtor is aware of the claim's monetary value."). Accordingly, because the Court concludes that the Plaintiff did not act "inadvertently," the third element is satisfied.[2]

## CONCLUSION

For the foregoing reasons, the Court concludes that all three elements of the judicial estoppel test are satisfied and, for this reason, Plaintiff should be estopped from pursuing her claims herein. Thus, Defendant's Motion for Summary Judgment is GRANTED.

So ordered on this, the __22nd__ day of June, 2011.

/s/   Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**

---

[2] A common argument made in judicial estoppel and bankruptcy cases is that the individual should be allowed to reopen or amend or supplement their bankruptcy proceeding to include the undisclosed lawsuit. The Court notes that such arguments have been consistently rejected. See Barnes v. Pemco Areoplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) (cited with approval by the Fifth Circuit in In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. 2004) ("Allowing [the debtor] to back up, reopen the bankruptcy case, and amend h[er] bankruptcy filings, only after h[er] omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if [s]he is caught concealing them.")); Loyd v. Harrah's Shreveport/Bossier City Holding Co., LLC, 2005 WL 3113028, at *2 (W.D. La. Nov. 21, 2005) ("The court system will not encourage debtors to take a chance and not disclose assets knowing that if they are caught the bankruptcy can be reopened. The judicial system should not be abused in this manner."); see also, e.g., Love v. Tyson Foods, Inc., 2010 WL 114243, at *2 (S.D. Miss. Jan. 7, 2010) (same); Acuna v. Conn. Ge. Life Ins. Co., 560 F. Supp. 2d 548, 555 (E.D. Tex. 2008) (same).